IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN LEE RICHES, ) | No. C 07-6110 MJJ (PR) |
| Plaintiff, ) | **ORDER OF DISMISSAL** |
| v. ) | |
| RUSH LIMBAUGH, ) | |
| Defendant. ) | |

Plaintiff, a federal prisoner proceeding pro se, filed this pro se complaint under 42 U.S.C. § 1983 against Rush Limbaugh, III.

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff alleges defendant Rush Limbaugh, a radio host, "is using his show for subliminal messaging to sell oxycotin to American teenagers." He also alleges Mr.

G:\PRO-SE\MJJ\CR.07\riches49.dsm.wpd

1  Limbaugh "slipped" plaintiff oxycotin, which caused plaintiff to rob banks. Defendant is a
2  private individual that does not act under color of state law, an essential element of a § 1983
3  action. See Gomez v. Toledo, 446 U.S. 635, 640 (1980). Purely private conduct, no matter
4  how wrongful, is not covered under § 1983. See Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d
5  547, 559 (9th Cir. 1974), cert. denied, 421 U.S. 949 (1975). Accordingly, plaintiff has failed
6  to state a cognizable claim for relief under § 1983.

7      For the foregoing reasons, this action is DISMISSED.

8      The Clerk shall close the file.

9      IT IS SO ORDERED.

10  DATED: December 20, 2007

                            MARTIN J. JENKINS
                            United States District Judge

**United States District Court**
For the Northern District of California